UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| NEODRON LTD.,<br><br>           Plaintiff,<br><br>    v.<br><br>CYPRESS SEMICONDUCTOR CORP.,<br><br>           Defendant. | Case No.  6:21-cv-545<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT
AGAINST CYPRESS SEMICONDUCTOR CORP.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. §1 *et seq.*, in which Plaintiff Neodron Ltd. ("Plaintiff" or "Neodron") makes the following allegations against Defendant Cypress Semiconductor Corp. ("Defendant"):

**INTRODUCTION**

1. This complaint arises from Defendant's unlawful infringement of the following United States patents owned by Neodron, each of which generally relate to touchscreen technology: United States Patent Nos. 9,372,580 and 9,024,790 (collectively, the "Asserted Patents").

2. Touchscreen technology plays a ubiquitous and important role in countless electronic devices today. Beyond just providing greater usability to smartphones, tablets and notebooks, touchscreens now fill our lives in public and private spaces, from our homes and cars to the restaurants and stores we visit.

3. But just a few decades ago, touchscreen technology could only be found in science fiction books and film. Although the underlying science behind touch technology can be traced

1

back to the 1940s, working touchscreens were not conceived and feasible until the mid-1960s, when the first finger-driven touchscreen was invented by E.A. Johnson in 1965 at the Royal Radar Establishment in Malvern, United Kingdom. Since then, it took several generations and major technological advancements for touchscreens to achieve the level of complexity—and convenience—we see and enjoy today.

4.      Built on the fundamental breakthrough that our hands and fingers can form changes in the capacitance of electrodes and electrode-connections when they are in close proximity to them, touch technology has developed rapidly over the years. Along the way, engineers have worked tirelessly to try to overcome the limitations and roadblocks touch technology presents. From conceiving various ways to detect (and correctly ignore) unintentional touches, to minimizing signal "noise," to reducing the latency and power consumption that comes with any complex, multi-part electrical process, there have been many advances to various aspects of the technology—each building a little on a related advancement before it—to get us to the highly advanced state we enjoy today.

5.      These advancements range from fundamental ones, which make basic touch technology work, to optional improvements, which typically represent one technological option that improves aspects of the user experience and functionality of a touchscreen. This infringement action is about the latter: several patented improvements—which took years of research and millions of dollars in U.S. investments to develop, and which are infringed by Defendant's accused products.

**PARTIES**

6.      Plaintiff Neodron Ltd. is an Irish company, having its principal place of business at Suite 23, The Hyde Building, Carrickmines, Dublin 18, Ireland. Neodron is the sole owner by

assignment of all right, title, and interest in each Asserted Patent.

7. On information and belief, Defendant Cypress Semiconductor Corp. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 198 Champion Court, San Jose, California 95134.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents.

10. Venue is proper in this District under 28 U.S.C. §1400 (b). Defendant is registered to do business in Texas, and upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents. Defendant has regular and established places of businesses in this District, including at 5204 East Ben White Boulevard, Austin, Texas 78741. *See* Exhibit 1.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,372,580

11. Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

12. Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 9,372,580, entitled "Enhanced Touch Detection Methods." The '580 Patent was duly and legally issued by the United States Patent and Trademark Office on June 21, 2016. A true and correct copy of the '580 Patent is attached as Exhibit 2.

13. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), including Cypress products implementing CapSense, including without limitation the PSoC 4 and 6 MCUs and products incorporating the same, including the exemplary Cypress CY8CKIT-062-BLE with CYC8C5868LTI-LP039, that directly infringe, literally and/or under the doctrine of equivalents, claims 1-12 of the '580 Patent.

14. Defendant also knowingly and intentionally induces infringement of claims 1-12 of the '580 Patent in violation of 35 U.S.C. §271 (b). Through the filing and service of this Complaint, Defendant has had knowledge of the '580 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '580 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '580 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '580 Patent, thereby specifically intending for and inducing its customers to infringe the '580 Patent through the customers' normal

and customary use of the Accused Products.

15. The Accused Products satisfy all claim limitations of claims 1-12 of the '580 Patent. A claim chart comparing independent claims 1, 5, and 9 of the '580 Patent to representative Accused Products, PSoC 4 and 6 MCUs and touch sensing systems in which a PSoC 4 or 6 MCU is incorporated as instructed and intended by Cypress, is attached as Exhibit 3.

16. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Neodron and is liable for infringement of the '580 Patent pursuant to 35 U.S.C. §271.

17. As a result of Defendant's infringement of the '580 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

18. Defendant's infringing activities have injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '580 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 9,024,790

19. Neodron realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

20. Neodron owns by assignment all rights, title, and interest in U.S. Patent No. 9,024,790 (the "'790 Patent"), entitled "Capacitive Keyboard with Non-Locking Reduced Keying Ambiguity." The '790 Patent was duly and legally issued by the United States Patent and

Trademark Office on May 5, 2015. A true and correct copy of the '790 Patent is attached as Exhibit 4.

21. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), including CapSense enabled Cypress products, including MBR3, CY8CMBR2110, CY8CMBR2044, CY8CMBR2016, CY8CMBR2010, CY8CMBR3XXX, and CapSense-enabled PSoC such as PSoC 4 and PSoC 6 MCU families of devices, that directly infringe, literally and/or under the doctrine of equivalents, claims 1-24 of the '790 Patent.

22. Defendant also knowingly and intentionally induces infringement of claims 1-24 of the '790 Patent in violation of 35 U.S.C. §271 (b). Through the filing and service of this Complaint, Defendant has had knowledge of the '790 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '790 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '790 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '790 Patent, thereby specifically intending for and inducing its customers to infringe the '790 Patent through the customers' normal and customary use of the Accused Products.

23. The Accused Products satisfy all claim limitations of claims claims 1-24 of the '790 Patent. A claim chart comparing independent claims 1, 7, and 13 of the '790 Patent to a representative Accused Product, Cypress CY8CKIT-062-BLE with CYC8C5868LTI-LP039, is attached as Exhibit 5.

24. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Neodron and is liable for infringement of the '790 Patent pursuant to 35 U.S.C. §271.

25. As a result of Defendant's infringement of the '790 Patent, Neodron is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

26. Defendant's infringing activities have injured and will continue to injure Neodron, unless and until this Court enters an injunction prohibiting further infringement of the '790 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## PRAYER FOR RELIEF

WHEREFORE, Neodron respectfully requests that this Court enter:

a. A judgment in favor of Neodron that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '580 Patent and the '790 Patent;

b. A permanent injunction prohibiting Defendant from further acts of infringement of the '580 Patent and the '790 Patent;

c. A judgment and order requiring Defendant to pay Neodron its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '580 Patent and the '790 Patent;

d. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Neodron, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Neodron its reasonable attorneys' fees against Defendant; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Neodron, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: May 28, 2021

Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA Bar No. 246953)
Kristopher Davis (CA Bar No. 329627)
C. Jay Chung (CA Bar No. 252794)
Christian W. Conkle (CA SBN 306374)
Jonathan Ma (CA Bar No. 312773)
Amy E. Hayden (CA Bar No. 287026)
Philip X. Wang (CA Bar No. 262239)
RUSS, AUGUST & KABAT
12424 Wilshire Blvd., 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
rmirzaie@raklaw.com
kdavis@raklaw.com
jchung@raklaw.com
cconkle@raklaw.com
jma@raklaw.com
ahayden@raklaw.com
pwang@raklaw.com

**Attorneys for Plaintiff Neodron Ltd.**